# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK MURPHY, )
)
      Plaintiff, )
)
v. ) Case No. 1:18-cv-327-SPB-RAL
)
ABILITY RECOVERY SERVICES, )
LLC, )
)
      Defendant. )

## MEMORANDUM ORDER AND ENTRY OF JUDGMENT

Plaintiff Mark Murphy ("Plaintiff") commenced the instant civil action on October 22, 2018 with the filing of his single-count complaint alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.* ECF No. 1. The complaint was served on the Defendant, Ability Recovery Services, LLC ("Defendant") on October 30, 2018. ECF No. 4. Defendant's answer was due on November 20, 2018, *id.*; however, no answer was filed and, on November 28, 2018, the Clerk entered a default as to Defendant.

On April 18, 2019, the case was referred to United States Magistrate Judge Richard A. Lanzillo for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges. Thereafter, Plaintiff filed a motion for a default judgment against the Defendant. ECF No. 12. In his motion, Plaintiff sought $1,000.00 in statutory damages, $460.00 in costs, and $4,127.50 in attorney's fees. *Id.i at ¶14.*

On August 7, 2019, Magistrate Judge Lanzillo issued a report and recommendation in which he opined that Plaintiff's motion should be granted and that Plaintiff should be awarded $1,000.00 in statutory damages, $460.00 in costs, and $3,120.00 in attorney's fees. ECF No. 13.

1

After reviewing the requested attorney's fee award, Magistrate Judge Lanzillo concluded that all of the hours of legal and paralegal work that were expended on Plaintiff's case (i.e., 9.6 hours of legal work and 2.3 hours of paralegal work) should be approved as reasonable. Nevertheless, Judge Lanzillo recommended that this Court apply an attorney billing rate of $325.00 per hour, rather than the rate of $400.00 per hour that Plaintiff requested. The Magistrate Judge reasoned that a billing rate of $325.00 per hour would more accurately reflect the hourly rates that prevail among experienced counsel practicing in this forum. Judge Lanzillo did not recommend any adjustment to the requested paralegal rate of $125.00 per hour. Thus, the discrepancy between the requested counsel fee award and the amount that Judge Lanzillo believes should be awarded is attributable solely to a reduction in counsel's hourly rate from $400.00 per hour to $325.00 per hour.

Objections to the Report and Recommendation were due on August 21, 2019. *Id.* To date, no objections have been filed, and Defendant has still not made an appearance in this case.

Notwithstanding the lack of objections, the Court notes that the Magistrate Judge's proposed attorney's fee award accounts only for the fees attributable to *attorney* work (i.e., 9.6 hours of work at $325.00 per hour), and appears to inadvertently omit the fees incurred for *paralegal* work (i.e., 2.3 hours at $125.00 per hour, totaling $287.50). As the latter appears to involve hours reasonably expended on Plaintiff's case, the Court will approve the 2.3 hours of paralegal work performed. The Court will adjust the paralegal billing rate to $100.00 per hour, however, as that rate is more in line with the prevailing rate for paralegals practicing within this forum. *See, e.g., Bower v. NRA Grp., LLC,* No. CV 18-389, 2019 WL 3306515, at *6 (W.D. Pa. July 22, 2019) (approving an award of counsel fees that incorporated 5.73 hours of paralegal time billed at $50.00 per hour); *Meyers v. Penn N. Centers for Advanced Wound Care, P.C.,* No.

CIV. 11-182 ERIE, 2014 WL 3535550, at *10 (W.D. Pa. July 16, 2014) (adjusting attorney rate for administrative tasks downward to "a common hourly rate for paralegals of $100"); *Arneault v. O'Toole,* No. 1:11-CV-00095-SJM, 2014 WL 12836858, at *12 (W.D. Pa. June 6, 2014), *report and recommendation adopted as modified,* No. 11-95, 2016 WL 7029620 (W.D. Pa. Dec. 2, 2016), *aff'd,* 718 F. App'x 148 (3d Cir. 2017) (applying adjusted hourly rates of $90.00 and $149.00, respectively, for various paralegals, depending on their experience). Based upon these adjustments, the Court will award paralegal fees in the amount of $230.00, bringing the total fee award to $3,350.00 ($3120.00 in attorney's fees plus $230.00 in paralegal fees).

After *de novo* review of the complaint and documents in the case, Plaintiff's Motion for Default Judgment and related filings, and the Magistrate Judge's report and recommendation, the following order is entered:

AND NOW, this 30th day of October, 2019;

IT IS ORDERED that the Plaintiff's Motion for Default Judgment, ECF No. [12], shall be, and hereby is, GRANTED to the extent is hereby awarded $1,000.00 in statutory damages, $460.00 in costs, and $3,350.00 in attorney's fees.

IT IS FURTHER ORDERED that, in accordance with Rule 58 of the Federal Rules of Civil Procedure, JUDGMENT is hereby entered in favor of Plaintiff Mark Murphy, and against Defendant Ability Recovery Services, LLC, in the total amount of **$4,810.00.**

IT IS FURTHER ORDERED that the report and recommendation issued by Magistrate Judge Lanzillo on August 7, 2019, ECF No. [13], as modified herein, is hereby adopted as the opinion of this Court.

As there are no other claims pending before the Court in this civil action, the Clerk is directed to mark this case "CLOSED."

SUSAN PARADISE BAXTER
United States District Judge